IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | ) |
|       Plaintiff, | ) |
| v. | ) C.A. No. 12-615 (RGA) (CJB) |
| EQUINIX, INC., | ) **DEMAND FOR JURY TRIAL** |
|       Defendant. | ) |

**DEFENDANT EQUINIX, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Equinix, Inc. ("Equinix"), through its counsel, hereby answers Plaintiff's Complaint for Patent Infringement ("the Complaint"). To the extent not explicitly admitted, all allegations of the Complaint are denied.

**PARTIES**

1. Equinix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies each and every such allegation.

2. Equinix admits that Equinix, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Lagoon Drive, 4th Floor, Redwood City, California.

**JURISDICTION AND VENUE**

3. Paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is required, Equinix admits that the Complaint purports to state a cause of action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* Except as

expressly admitted, Equinix denies any and all remaining allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, Equinix admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

5. Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is required, Equinix does not challenge for purposes of this action only that it is subject to personal jurisdiction in Delaware. Except as expressly admitted, Equinix denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Equinix does not challenge for purposes of this action only that venue in this judicial district is proper. Equinix admits that it resides in this judicial district. Equinix specifically denies having committed or committing any act of infringement. Except as expressly admitted, Equinix denies any and all remaining allegations contained in Paragraph 6 of the Complaint.

**FACTUAL BACKGROUND**

7. Equinix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies each and every such allegation.

8. Equinix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies each and every such allegation.

9. Equinix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies each and every such allegation.

10. Equinix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies each and every such allegation.

11. Equinix admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 7,472,192 ("the '192 Patent") entitled "Communication System and Method for Connecting to Multiple ISP's." Equinix admits that Exhibit A recites on its face an issue date of December 30, 2008. Except as expressly admitted, Equinix denies any and all remaining allegations of paragraph 11 of the Complaint.

12. Equinix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies each and every such allegation.

13. Equinix denies the allegations contained in Paragraph 13 of the Complaint.

14. Equinix denies the allegations contained in Paragraph 14 of the Complaint.

15. Equinix denies the allegations contained in Paragraph 15 of the Complaint.

## CLAIMS FOR RELIEF

16. Equinix restates and incorporates by reference each of Paragraphs 1-15 above, as if fully set forth herein.

17. Equinix denies the allegations contained in Paragraph 17 of the Complaint.

18. Equinix denies the allegations contained in Paragraph 18 of the Complaint.

## PRAYER FOR RELIEF

Equinix denies any and all allegations contained in the remainder of the Complaint and denies that Plaintiff is entitled to any of the relief requested in sections (i)-(v) of its prayer for relief or to any other relief in any form.

## EQUINIX'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Subject to the responses above, and, without altering the burdens of proof, Equinix asserts the following affirmative defenses in response to Plaintiff's claim.

## FIRST AFFIRMATIVE DEFENSE
### Non-Infringement

Equinix does not infringe and has not infringed any claim of the '192 Patent.

## SECOND AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

Plaintiff's claim of patent infringement is barred in whole or in part by the doctrine of prosecution history estoppel.

## THIRD AFFIRMATIVE DEFENSE
### Invalidity

The claims of the '192 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### Laches

On information and belief, Plaintiff's claim is barred or limited by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### Failure to Mark

On information and belief, Plaintiff is barred or limited from recovering damages, in whole or in part, by the failure to mark, by itself or by one or more parties licensed to practice one or more of the asserted patents, as required by 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Equinix prays that this Court enter judgment in its favor and grant the following relief:

1. An order that Plaintiff is not entitled to any relief, whether in law or equity or otherwise, from its suit against Equinix;

2. Judgment against Plaintiff and in favor of Equinix;

3. Dismissal of Plaintiff's Complaint with prejudice;

4. A declaration that Defendant Equinix has not infringed and does not infringe any claim of the '192 patent;

5. A declaration that the '192 patent, and every claim thereof, is invalid;

6. An order finding that Plaintiff's conduct in commencing and pursuing this action renders this an exceptional case and awarding Defendant Equinix its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or any other applicable authority; and

7. An award of any additional relief, in law and in equity, as the Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Equinix demands a trial by jury on all of Plaintiff's claims.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Maximilian A. Grant
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, DC 20004-1304
(202) 637-2200

Richard G. Frenkel
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-3080

September 28, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 28, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Kenneth L. Dorsney, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Karen H. Bromberg, Esquire<br>Francisco A. Villegas, Esquire<br>Damir Cefo, Esquire<br>Maria Granovsky, Esquire<br>COHEN & GRESSER LLP<br>800 Third Avenue<br>New York, NY  10022 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)